## Yorkshire Insurance Company, Limited, of York, England, v. Bryan.

(Decided May 2, 1933.)

CROSSLAND & CROSSLAND for appellant.

L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The question presented on this appeal is the sufficiency of the evidence to support the verdict of a jury. Holland G. Bryan resided in McCracken county, Ky. His address on July 19, 1931, was City National Bank Building, Paducah, Ky. At that time he owned a Chrysler coupe, 1928 model, which cost $1,700. He used it for business and pleasure. The Yorkshire Insurance Company, of York, England, for a paid premium of $38.25, issued and delivered to him a policy insuring the coupe in the sum of $500 against loss by fire. He maintained an office in the courthouse. Richard Bryan, a brother of Holland, conducted a grocery store and restaurant near the courthouse. Anterior to the occurrence involved in this litigation, Holland and Richard Bryan engaged in business in the city of Paducah in the name of the "Bryan Motor Company." In 1929, Joe Hathaway, a negro, worked for them for about three months, in business as the Bryan Motor Company. On the night of September 18, 1931, Holland Bryan and his wife attended a picture show in the city of Paducah, using the Chrysler coupe to travel from their home to the show. It was parked about 8 o'clock on Broadway, between Third and Fourth streets. After parking it, he and his wife went to the picture show and remained until around 10 o'clock, when he returned to get the coupe, with the intention of going to his home, and dis-

covered it had been removed. After making a casual investigation and failing to find it, he and his wife went to their home, where he remained until next morning. However, before going to his home he reported to the police department a description of the coupe and its disappearance. The morning following its disappearance, he was called, and informed by the officer to whom he had reported the loss of his car that ''they had a line on where it was''; that Joe Hathaway got it and ''they had a signed statement from him.'' Bryan immediately joined Lackey and others and went to the place where it was reported the coupe had been totally destroyed by fire.

On arriving, the burned car was identified by Holland Bryan as his property. Joe Hathaway confessed to burning it, and claimed that Holland Bryan employed him to do it. He claimed that about one month before it was burned Bryan asked him to burn it and informed him that he was not ''ready yet''; that in about a month he would be ready for him to burn it; and that on the night before it was burned he went to Bryan's office, where he and Richard Bryan were; that Holland Bryan in the presence and hearing of Richard Bryan made the arrangement with him (Hathaway) to burn the car. For its burning he claimes that Holland Bryan agreed to pay him $50. At the time he claims he went to the office of Bryan for that purpose, policemen were on guard at the courthouse and consented for him to enter it to go to the office of Bryan; he stating to them at the time that he wanted to see Bryan to rent a place at Seventh and Clark streets to operate a soft drink stand and sell sandwiches. Hathaway claims that he received a key from Holland Bryan at his office and went from the office and engaged William Stringfield to drive the Bryan car to where it was burned, which he did on the promise of Hathaway of the payment of $1 to him. After the car was burned, he claims he threw the switch key away and later returned and found it. He produced one at the trial which he claimed was the key he received from Holland Bryan. The Bryans denied entirely the statements of Hathaway. Hathaway was corroborated amply in every particular except as to the essential issue. His testimony as to the arrangement at Bryan's office is not corroborated by any other evidence. Nor is his testimony to the effect that Hol-

land Bryan, about a month before the night the car was burned, requested him to burn it, corroborated. Accepting Hathaway's story as true in every respect except that portion of it which he claims took place when no one was present other than he and Holland Bryan a month before the burning of the car, and also except his statement asserting he and Holland Bryan and Richard Bryan were in the office of Holland Bryan when the arrangement to burn the car was completed, there is no other evidence tending to show any connection, directly, or indirectly, of Holland Bryan with the plan or conspiracy to burn the car. The conclusion is inevitable that there was no other evidence than Hathaway's testimony showing the participation of Holland Bryan in or with the burning of the car.

A cause of action or a defense arising out of a conspiracy, sustained only by a confession of one of the conspirators, is insufficient to support a verdict. Metcalfe v. Conner, 5 Litt. Sel. Cas. 497, 12 Am. Dec. 340; Shelby v. Com., 91 Ky. 563, 16 S. W. 461, 13 Ky. Law Rep. 178; Leech v. Farmers' T. & W. Co., 171 Ky. 791, 188 S. W. 886. The same rules governing the admission of evidence and controlling the consideration of the acts and declarations of a coconspirator in a criminal case apply in civil actions. See cases supra.

The rules adopted by courts in criminal cases involving the charge of conspiracy and controlling the admission and the consideration of the testimony of coconspirators are so familiar and well established it is neither necessary nor required of us to state them.

Viewing the testimony of Hathaway in the light of such rules, it is plain that Bryan was entitled to a peremptory instruction, and not the defendant. In addition to the fact that the testimony of Hathaway as to the decisive issue is without corroboration, his general character for truth and veracity was successfully attacked by the evidence respecting it. However, considering the testimony of Hathaway as not controlled by the rules adopted in criminal cases where the testimony of the accomplice is relied upon, but considering it as competent for all purposes and fully corroborated by other competent evidence, a denial by the Bryans of his statements presented an issue for the jury and the court correctly submitted it by appropriate instructions.

The character of neither Holland Bryan nor Richard Bryan was assailed, but in the brief it is accrimoniously assailed. The attack so made on it was not before the jury, and cannot be considered by us in determining the propriety of the ruling of the court in refusing to give to the jury a peremptory instruction. It was the province of the jury to determine the weight of the evidence and the credibility of the witnesses. The verdict of the jury not being palpably against the weight of the evidence, and no other error being complained of, it is not the province of the court to interrupt it. The sole contention of the appellant is that the verdict is not sustained by the evidence. We are unable to concur in this conclusion. The instructions given are not criticized. No error in the admission of the evidence is pointed out. We conceive of no reason for our assumption of the power to override the verdict of the jury.

The judgment is affirmed.